O’NIELL, J.
The defendant was indicted with one Willie Shaw for the murder of one Dan Asbury. After their arraignment counsel for the appellant asked for a severance, which was granted. The trial of this defendant resulted in a verdict of guilty without capital punishment and a sentence to life imprisonment in the state penitentiary, from which verdict and sentence he has prosecuted this appeal.
[Í] The defendant’s first bill of exceptions was reserved to the court’s ruling sustaining the district attorney’s objection to the defendant’s question to a juror on his voir dire: “Do you believe in circumstantial evidence?”
There are no facts recited in the bill of exceptions to justify our reversing the ruling. To deny the defendant’s counsel to examine a juror regarding his faith in circumstantial evidence might be a denial of justice in a case where the defendant had to rely upon circumstantial evidence to rebut or explain evidence that might otherwise establish or tend to prove his guilt. But the record does not disclose such a situation.
[2] The second bill was reserved to the overruling of the defendant’s objection to the form of the question propounded to a witness for the state: “Did you see John Iverson shoot Dan Asbury?” The objection was that the question was leading, and suggested the answer to be elicited.
The question did not suggest either an affirmative or a negative answer, it was not objectionable on the ground that it assumed, as a fact, that John Iverson had shot Dan Asbury, because the preceding witness had testified that he saw the accused shoot the deceased. The objection that the question was leading and suggestive of a particular answer was properly overruled. The record does not show what the answer was.
The third bill was reserved to the court’s ruling sustaining ’the district attorney’s objection to the testimony of a deputy sheriff to explain the absence of a witness for the defense. This bill is disposed of by the statement that after the objection was sustained the district attorney offered to make an admission of the facts sought to be proven. There is therefore no merit in this bill of exceptions.
The fourth bill was reserved to the refusal of the court to issue a bench warrant for an absent witness during the trial. The absence of the witness was due to a mistake on the part of the defendant’s counsel as to the date of the trial, and he had consented to going to trial without her. Under these circumstances, the court was not required to issue a bench warrant for the witness after the trial commenced.
[3] The fifth bill was reserved to a remark made by the district attorney in his closing argument to the jury, viz.: “I elected to try John Iverson first because I considered the case strongest against him.” And the sixth bill was reserved to another remark made by the prosecuting attorney under the same circumstances, viz.: “I usually try what I consider to be my strongest case first.”
*985 The district attorney should not have given these expressions of his opinion as to the guilt of the accused, based upon his investigation of the case before the trial. He has furnished an explanation in the bill of exceptions to the effect that his remarks were in retaliation of the argument of the defendant’s counsel, that the case against Willie Shaw should have been tried first, and that the district attorney would prosecute him if he failed to convict Iverson. If the defendant’s counsel was guilty of any unfairness or impropriety in his argument, the prosecuting officer should have appealed to the judge to put a stop to it. Whatever the provocation was on the part of the defendant’s counsel, it did not justify a retaliation prejudicial to the defendant, whose life and liberty were at stake.
We infer, from the judge’s statement that the defendant’s counsel did not request him to instruct the jury to disregard the objectionable comments of the district attorney, tl\at the judge gave no such instruction. The defendant’s counsel could not object to improper remarks until they were made. The only remedy then was for the district attorney to express his withdrawal of the improper remarks, or for the judge to instruct the jury to disregard them. The prompt objection to the remarks was a sufficient request on the part of the defendant’s counsel to have the remarks withdrawn by the district attorney, or to have their prejudicial effect destroyed by a proper instruction from the judge to the jury.
As nothing was done to correct the errors complained of, we have no reason to presume that they were not prejudicial to the defendant. The next bill, however, is a more serious one.
[4] The seventh bill recites that at the conclusion of the judge’s charge to the jury the defendant’s counsel requested a charge on accidental homicide, and the judge replied, in the presence and hearing of the jury: “I find no evidence in the case to justify such a charge.” The defendant’s counsel objected, and reserved a bill of exceptions to the refusal to give the charge, as well as to the judge’s comment on the evidence in the pres: ence of the jury. And it does not appear that the judge instructed the jury to disregard his comment upon the evidence or want of evidence before them..
We accept the judge’s statement that the facts of the case did not call for a charge on accidental homicide. But the judge should have reserved the statement of his reason for refusing the instruction, and should have given it only in the bill of exception, instead of commenting on the evidence in the presence and hearing of the jury. State v. Logan, 104 La. 362, 29 South. 110; State v. Walker, 50 La. Ann. 420, 23 South. 967; State v. Johns, 135 La. 552, 65 South. 740. These decisions are entirely consistent with the ruling in State v. McCullom, 135 La. 432, 65 South. 602, where the defendant’s counsel persisted in arguing facts which had been offered in evidence and ruled out, and the judge merely said that the counsel was arguing out of the record.
The verdict and sentence appealed from are annulled and set aside, and it is ordered that the case be remanded for a new trial.