HARRY JOHNSON, *Appellant*, v. ELIZABETH B. SUMNER AND W. D. J. SUMNER, HER HUSBAND, *Appellees*.

Opinion Filed November 23, 1921.

Petition for Rehearing Denied December 19, 1921.

1. Under the provisions of Chapter 7356, Acts of 1917, Section 3136, Revised General Statutes of Florida, where complainant in his bill of complaint shall waive answer under oath the answer though under oath is not evidence in defendant's favor unless the cause be set down for hearing on bill and answer only.

2. Where a cause is set down for hearing on bill and answer only defendant who answers under oath is entitled to the benefits of his answer as evidence notwithstanding a waiver of answer under oath in the bill of complaint.

3. In cases where defendant is entitled to the benefits of his answer under oath the rule. is that where answer is made under oath the averments contained in it which are responsive to the bill and which set up facts to which other testimony could be received are to be taken as true unless contradicted by evidence of greater weight than the testimony of one witness.

An Appeal from the Circuit Court for Osceola County; C. O. Andrews, Judge.

Affirmed.

*Johnson & Garrett,* for Appellant;

*Milton Pledger,* for Appellees.

WEST, J.—Bill in equity, was filed in the Circuit Court of Osceola County on August 10; 1918, by the complainant Harry Johnson against the defendants Elizabeth B. Sumner and W. D. J. Sumner, her husband, the object of the suit being to subject a certain lot of land in the City of Kissimmee to the payment of an execution upon a judgment recovered by Harry Johnson, complainant, against W. D. J. Sumner, one of the defendants. The defendants answered and after other proceedings not necessary to be recited and considerable delay the cause was presented for final hearing on bill and answer. Upon a hearing a decree was entered on February 10, 1921, dismissing the bill. At the time the case was presented on final hearing a motion by defendants was made to dismiss the suit for want of prosecution and it is not entirely clear whether the order dismissing the bill was pursuant to this motion or the case was considered on its merits and the bill dismissed because the equities were found to be with the defendants.

However, the brief of counsel for appellant indicates that the case was considered on its merits and, in order that the controversy may be settled and the litigation ended, we will so regard it.

Briefly epitomized, the allegations of the bill are that the complainant recovered a judgment against the defendant W. D. J. Sumner on October 18, 1916; that thereafter, on August 7, 1918, execution issued upon said judgment and was on the same day returned *nulla bona;* that pending said litigation a certain lot of land in the City of Kissimmee was conveyed by C. W. Campbell and Mary C. Campbell to the defendant Elizabeth B. Sumner, wife of W. D. J. Sumner, for a stated consideration; that said deed was duly recorded, and said Elizabeth B. Sumner has not since conveyed said lot to any one, but still holds the title thereto. It is further alleged that said lot was not bought with funds of Elizabeth B. Sumner, but with funds of her husband, W. D. J. Sumner; that it is not the property of Elizabeth B. Sumner but is the property of W. D. J. Sumner and was conveyed to his wife Elizabeth B. Sumner for the purpose of defrauding Harry Johnson and other creditors of W. D. J. Sumner; that said lot is an equitable asset of said W. D. J. Sumner subject in equity to the lien of the execution mentioned; that said W. D. J. Sumner was at the time of the entry of said judgment and ever since has been insolvent; that said complainant has exhausted his legal remedies on said execution and is entitled to come into equity for the purpose of having said deed set aside on the ground of fraud and the property decreed to be the property of said W. D. J. Sumner and subjected to said execution.

There was a prayer that the lot be sold to satisfy said judgment and for general relief.

Answer under oath was expressly waived.

The answer of defendants denies all the material allegations of the bill; denies that the defendant W. D. J. Sumner is the true owner of said lot; denies that he furnished any part of the consideration paid therefor; and denies that said lot or any part thereof was caused to be conveyed to the defendant Elizabeth B. Sumner for the purpose of defrauding Harry Johnson as a creditor of W. D. J. Sumner; avers that defendant W. D. J. Sumner has no interest in said lot and furnished no part of the consideration for the purchase thereof, and avers that the consideration was fully paid by the defendant Elizabeth B. Sumner and sets up in detail when and from what source she acquired the funds used in making payment for said lot and when and in what manner said payments were made, from which averments it appears that no part of such funds came either directly or indirectly from her husband, the defendant, W. D. J. Sumner.

The answer was sworn to by both defendants.

From the final decree dismissing the bill an appeal was taken to this court.

The single assignment of error is that the court erred in entering its decree dismissing the bill of complaint. In the brief of counsel for appellant it is stated that only one question of law is involved. This question, as stated in the brief, is that where a respondent has an affirmative defense to make and fails to make the same and the case comes on for final hearing after the lapse of time for taking testimony, the decree should be for the complainant. Upon this promise counsel argue that under the state of the pleadings existing when the case was presented the burden of proof was upon the defendants and that since no evidence was taken by either side this burden was not met by defendants and complainant consequently was entitled

to a decree. In support of this contention counsel cite the following paragraph from the opinion of the court in the case Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653; "In a contest between creditors and a debtor and his wife over property purchased in her name, it must be clearly proven that the purchase was made with her separate funds. Otherwise, the presumption is that it was through means furnished by her husband."

They proceed with the argument that inasmuch as oath to the answer of defendants was expressly waived by complainant in his bill, the answer of defendants can be given no weight as evidence and that therefore the case falls within the rule announced by them under which defendants cannot be given a final decree upon a failure to meet the burden of the affirmative defense resting upon them. That the averments of the answer are responsive to the material allegations of the bill is not and cannot be denied. That the answer is duly sworn to is admitted. Now, even if it be conceded that in this class of cases, contrary to the general rule, it was unnecessary for complainant to prove the material allegations of fact contained in his bill before being entitled to rocever, the contention made here cannot be upheld. In Farrell v. Forest Investment Co., 73 Fla. 191, 74 South. Rep. 216, this court held that under the rules then existing a complainant could not deprive defendant of the benefits of his answer under oath by expressly waiving oath to the answer in the bill. In the opinion in that case, which was filed January 31, 1917, the court pointed out the difference between the rule then existing at the time the case of Kahn v. Weinlander, *supra,* was decided with respect to the effect of waiver by complainant in his bill of answer under oath.

At the regular session of the Legislature following this

decision an Act concerning waiver of oath to answers in chancery was passed, which was approved May 26, 1917. The first section of this act is as follows: "If the complainant, in his bill, shall waive an answer under oath, or shall require an answer under oath with regard to certain specified interrogatories, the answer of the defendant, though under oath, except such part as shall be directly responsive to such interrogatories, not be evidence in his favor, *unless the cause be set down for hearing on bill and answer only;* but may nevertheless be used as an affidavit, with the same effect as heretofore, on a motion to grant or dissolve an injunction, or on any other incidental motion in the cause; but this shall not prevent a defendant from becoming a witness in his own behalf under any statute of this State." Chapter 7356, Acts of 1917, Section 3136, Revised General Statutes of Florida.

This cause, as we have seen, was set down for hearing on bill and answer, and since in that situation under the express terms of the statute the defendants were entitled to all the benefits that might accrue to them from answer under oath, this case was considered, and properly so, as if no waiver of answer under oath was contained in the bill. In such cases the rule is that where answer is made under oath the averments contained in it which are responsive to the bill and which set up facts to which other testimony could be received are to be taken as true unless disproved by evidence of greater weight than the testimony of one witness. Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603; Goodyear Tire & Rubber Co. v. Daniel, 72 Fla. 489, 73 South. Rep. 592; Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95; Day v. Jones, 40 Fla. 443, 25 South. Rep. 275; Carr v. Thomas, 18 Fla. 736; Carter v. Bennett, 6 Fla. 214. Given this effect, the sworn answer in this case is sufficient

to overcome any mere presumption that the property involved was purchased by the defendant Elizabeth B. Sumner through means furnished by her husband, W. D. J. Sumner.

It follows that the decree appealed from should be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.