(90 South. 170)

No. 24964.

## STATE v. McADAMS.

(Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**Criminal law ⬤➡726—Retaliatory argument by assistant prosecutor that he believed accused guilty held not error.**

In a prosecution for robbery, remarks by counsel assisting the state, through employment by the prosecuting witness, that from the relation of facts by such witness he believed accused guilty, in reply to attack by defendant's counsel, *held* not error, where prosecuting witness had testified to presumably the same facts while on the stand.

Appeal from Twelfth Judicial District Court, Parish of De Soto, John H. Boone, Judge.

J. E. McAdams was convicted of robbery, and he appeals. Affirmed.

Pegues & Atkinson, of Mansfield, for appellant.

A. V. Coco, Atty. Gen., and John Hill, Dist. Atty., of Many (J. G. Palmer, of Shreveport, and T. S. Walmsley, of New Orleans, of counsel), for the State.

LAND, J. The defendant, indicted for the crime of robbery, was found guilty by the jury, and sentenced to the state penitentiary for a term of not less than four nor more than six years.

He has appealed, and relies, for the reversal of the verdict and sentence against him, upon a single bill of exceptions, reserved to remarks made by counsel assisting the state in the prosecution, in his closing argument before the jury. The remarks of counsel assisting the state were as follows:

"Now the counsel for the defendant has gone into a lengthy discussion of my employment by the prosecuting witness to assist in the prosecution of this case. In this connection, I want to say that S. M. Lafitte came to my office just after this offense occurred, for the purpose of employing me to assist in the prosecution of the case, and of necessity he had to relate the facts in the case before there could be any employment; and I want to say that, if I had not believed J. E. McAdams, the accused, guilty, after hearing the statement of Mr. Lafitte, Lafitte's dollars, nor Rockefeller's millions, could not have induced me to accept employment to assist in prosecuting this case."

Counsel for the defendant objected to these remarks, for the reason that they called for an individual opinion of associate counsel for the state, and that said remarks, by virtue of the high personality and reputation of associate counsel, were calculated to have great weight with the jury, and were highly prejudicial to the accused.

The trial judge, in his per curiam, states that counsel for defendant had discussed in argument at length that associate counsel for the state had been employed by the prosecuting witness, S. M. Lafitte, to assist in the prosecution, and, in answering the remarks of counsel for defendant, associate counsel for the state made about the remarks as alleged, and to which counsel for defendant objected; that the court did not then instruct the jury to disregard the remarks, for the reason that the court considered the remarks proper, in view of the argument made by counsel for defendant referring to the employment of counsel to assist the district attorney, and for the further reason that the associate counsel for the state had stated and did state that he based his belief upon the information received from the prosecuting witness, S. M. Lafitte, who had testified in the case.

We concur in these views of the judge a quo. As Lafitte, the prosecuting witness, had testified before the jury, and had given them all the facts about the case within his knowl-

edge, it is to be presumed that he made the same statement to associate counsel, when he employed him, that he made to the jury. Associate counsel did not enter into any details as to the statement made to him by Lafitte; therefore it cannot be presumed in this case that associate counsel's belief of the guilt of the accused had been formed from any other facts than those stated to the jury under oath by the prosecuting witness.

The statement as to associate counsel's opinion as to the guilt of the accused, therefore, could not have been more prejudicial to him than if counsel had said to the jury that his opinion, based upon the testimony of Lafitte in the case, was that the defendant was guilty of the charge. It would be an intolerable situation, if the counsel for the defendant in every state case in which assistant counsel should be employed, could impugn the motive of the state's associate counsel in prosecuting the case as being purely mercenary, and, after prejudicing the jury against the prosecution by such an accusation, could close the mouth of associate counsel against all reply, and thereby deny him the right of vindicating himself before the jury.

What the associate counsel said in this case in his closing argument was in reply to an attack which counsel for defendant had gratuitously made upon him, and his answer was the only effective answer that he could make to refute the charge.

As we have had occasion to observe in a number of cases, jurors are presumed to be sensible men, who cannot be prejudiced by an incident of this character.

As we considered the remarks of associate counsel in his closing argument as proper under the circumstances of this case, the defendant was not prejudiced by the same, in any legal sense.

The judgment appealed from is therefore affirmed.