(120 So. 875)

**No. 29685.**

**STATE v. TAYLOR.**

Feb. 25, 1929.

Ped C. Kay, of De Ridder, for appellant.
Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, Asst. Atty. Gen.), for the State.

THOMPSON, J. The defendant appeals from a maximum sentence of 20 years and a minimum of 13 years at hard labor for assault by willfully shooting at.

The offense was committed on June 3, 1928, the indictment was returned on October 2, 1928, and the defendant was arraigned on the same day. The case was tried on October 25, 1928.

There are seven bills of exception in the record presenting alleged injurious errors committed by the court below.

On the day before the trial a motion for a continuance was filed based on the absence of a witness named Frank Ehart. The motion was fixed for hearing the following morning, when it was heard and overruled.

The proposed witness had been a resident of the parish where the crime was committed, and, according to the affidavit, was with the defendant during the time when the crime is said to have been committed. Within the week after the crime was committed and after the defendant had been arrested Ehart left for parts unknown and was absent from the state when the affidavit was filed for a continuance. This fact was known to the defendant some 30 days before the trial.

The defendant, in support of his motion for a continuance, testified that Ehart first went to the wheat fields and then went to Detroit, Mich., to look for a job; that his folks said he was there.

The judge says that reliable witnesses testified that Ehart frequently left his domicile for indefinite stays and that the testimony showed that he aided, abetted, and assisted in the commission of the crime, and that he left almost immediately after its commission. And considering all of these facts there was very little likelihood of the witness returning to the parish where he would most likely be tried for the crime.

The rule is well settled that the matter of granting a continuance is within the discretion of the trial judge and his ruling will not be reversed unless clearly erroneous.

In the case of the State v. Thompson, 121 La. 1051, 46 So. 1013, it was said:

"The authorities discountenance continuances on the ground of the absence of witnesses who are not within the process of the court. In such cases an affirmative showing should be made strong enough to convince the court that the evidence is material and admissible; that due diligence has been exercised; and that the absent witnesses can and will be produced at the future time."

In this case the judge among other reasons held that the defendant had not exercised proper diligence in trying to secure the return of the witness to the state. But granting that he was wrong in so holding, it does not affirmatively appear that the witness can be produced or will ever be produced to testify in the case, but, on the contrary, being a fugitive from justice, the presumption is against his return to the jurisdiction of the court.

But more than that the affidavit does not on its face show any particular facts which the defendant expects to prove by the witness. The affidavit merely states the conclusion of the defendant that if the witness was present he would swear that he was with the defendant during the entire time during which the crime was committed, and that he would swear that defendant did not commit the crime.

It is clear the motion does not come up to the legal requirements and was properly overruled.

Bill 2. This bill is practically abandoned. In his brief counsel says that the bill was reserved during the trial when defendant sought to show by several witnesses previous threats, previous difficulties, and hostile demonstration. The judge says that there was no proof of an overt act, and this is acquiesced in by the counsel.

It appears that the defense was an alibi, and it is difficult to reconcile such a defense with a claim of self-defense.

■ Bill 3. The defendant offered to prove by the witness Pressley where the defendant was at the morning after the crime had been committed, the purpose being to corroborate defendant's statement as to his whereabouts at the time the crime was committed.

The judge said that he was at a loss to understand how the fact that the defendant was five or six miles from the place of the crime some three hours after the crime had been committed tended to prove that he was not at the scene of the crime when it was committed. There was no error in the ruling.

■ Bill 4. The defendant complains in this bill of certain remarks made by the district attorney in his closing argument to the jury:

"It is well for the absent witness that he was not present, that if he were present he would be tried with accused as a codefendant."

The witness referred to was Ehart, the one named in the affidavit for a continuance. The defendant had testified on the trial in support of his alibi that he was in company with Ehart at the latter's house at the time the crime was committed. All of the state witnesses had testified that Ehart drove up in the car with the defendant, remained in the car while the defendant got out and did the shooting, and that after the shooting Ehart drove away with the defendant.

In his argument counsel for the defendant referred to the absence of Ehart as the "absent defendant," and it was in reply to counsel's reference to Ehart that the language complained of was used. We agree with the judge that the comment was not improper, but was a legitimate response to the argument of counsel for defendant.

■ And aside from this counsel made no objection at the time and did not ask the court to instruct the jury on the subject. All that counsel did was to dictate his objection to the clerk of court in an undertone of voice and which the judge did not hear. There was nothing for the court to rule on, and there is nothing for this court to reverse.

■ Bill 5. In his motion for a new trial the defendant argued as error to his prejudice that the procedure was partly conducted under the Criminal Code, whereas the crime charged was committed previous to the adoption of the Code, and on trial of his motion for a new trial he offered to prove this part of his motion by the deputy clerk of court. The testimony was ruled out and properly so, for the reason that the minutes and the record disclosed all the facts that the defendant expected to prove or could have established by the officer who made up the record.

Bill 6 was taken to the overruling of the motion for a new trial. The judge states that the evidence of the defendant's guilt was conclusive and about which there could be no sort of doubt.

The other errors complained of have been considered and disposed of under the various bills of exceptions.

■ Bill 7. In his motion in arrest of judgment the defendant alleges that he was tried according to the rules prescribed by the Code of Criminal Procedure, whereas the case should have been tried under the law as it existed at the time the crime was committed.

The only part of the proceedings which had any appearance of being conducted along the lines laid down by the Criminal Code were (1) the hearing of testimony on the motion for a continuance, and (2) the statement to the jury, in advance of the introduction of any evidence, by the district attorney and attorney for the defendant, of their respective theories and what was expected to be proved in support thereof.

Counsel cite in support of his contention quite a number of authorities to the effect

that an affidavit for a continuance must be accepted at its face value and the facts therein alleged cannot be traversed or contradicted by counter affidavits or other evidence.

We find it unnecessary to review the authorities cited or to approve or disapprove the doctrine announced in them.

The motion for a continuance was set down for trial for the morning after it was filed. It was taken up for trial and evidence adduced without any objection on the part of the defendant. The defendant, assuming the position of plaintiff in the motion, placed several witnesses on the stand in support of the motion. There was very little, if any, evidence tending to traverse or contradict any of the material recitals of the motion. In this situation the authorities cited, if sound in law and reason, could have no possible application.

The defendant made no objection, acquiesced in the proceeding, and took the lead in attempting to sustain his motion for continuance by introducing oral testimony.

And the same may be said with reference to the second complaint. The district attorney made his statement to the jury without objection, and he was followed by counsel for the defendant. As a matter of fact the court and all parties seem to have been under the

impression that the crime charged was committed after the adoption of the Code and that the proceedings were to be conducted according to the rules laid down by the Code.

However, be that as it may, there is nothing in the prior statutes or the jurisprudence of the state which specially authorized or expressly or impliedly prohibited such a procedure. The state and the defendant before the adoption of the Code could have made their respective statements to the jury before the taking of any testimony and such a course would not have violated any legal, constitutional or statutory right of the defendant.

It is common knowledge that such a manner of procedure, while not universal, was adopted and followed in many of the courts of the state before the adoption of the Criminal Code.

If there was error, and we are unable to perceive of any, the defendant is in no position to complain after having acquiesced in a course of procedure which at the time was satisfactory to himself, the state, and to the court.

No possible injury is suggested, and none can be conjectured from such a common-consent procedure.

The conviction and sentence are affirmed.