[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 478 
The defendant, Emmett Malmay, is appealing from his conviction of negligent homicide on an indictment charging him with manslaughter and his sentence thereunder. During the course of his trial he reserved five bills of exceptions.
In the argument in brief defendant's counsel abandons his first bill and concedes that the second is without merit under our present jurisprudence that proof of an overt act or a hostile demonstration on the part of the deceased must be made to the satisfaction of the trial judge before the accused may introduce any evidence of previous difficulties with, or the dangerous *Page 479 
character of, his adversary, unless this court sees fit to overrule this jurisprudence.
This rule has stood the test wherever the common law prevails and it has been universally followed in the courts of this state since the adoption of the Crimes Act of 1805. It is now incorporated in our statutory law, Code of Criminal Procedure, adopted in 1928, Article 482, and counsel has failed to give any good reason why it should be changed at this late date.
The next bill of exceptions was reserved to the remarks of the district attorney in the presence and hearing of the jury that evidence of the bad character of the deceased was "not admissible as the Judge has already decided that no overt act on the part of the deceased had been proven."
It appears that this statement was made by the district attorney after the counsel for the defendant persisted in offering evidence as to the bad character of the deceased although the state's objection to such evidence had been sustained by the trial judge; consequently, the defendant cannot complain about this statement made by the district attorney that was precipitated by the persistence of his counsel in placing such inadmissible evidence before the jury. Particularly is this true when defendant's counsel did not request the judge to instruct the jury to disregard the remark. See State v. Poole,156 La. 434, 100 So. 613; State v. Cullens, 168 La. 976,123 So. 645; and State v. Sims, 197 La. 347, 1 So.2d 541. *Page 480 
The next bill was reserved to the overruling by the trial judge of the defendant's motion to set aside the verdict of the jury for the reason that it was not responsive to the evidence adduced. Counsel concedes that a verdict of negligent homicide is responsive to a manslaughter charge but contends that the evidence unmistakably shows the defendant intentionally struck the deceased over the head with a heavy instrument and that it therefore became the duty of the trial judge to sustain his motion and to grant him a new trial.
In his per curiam to this bill the trial judge stated he was convinced from the evidence that the accused was guilty of the crime of manslaughter but that since there was some evidence in the case upon which the jury could have relied in returning the verdict of negligent homicide, he did not feel disposed in the exercise of his discretion to set aside this verdict of the jury.
We find no error in this ruling for under the express provisions of Article 386 of the Code of Criminal Procedure "Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide." See State v. Elmore, 179 La. 1057, 155 So. 896.
In all offenses triable by a jury that jury is the judge of the evidence and while the trial judge may grant a new trial *Page 481 
when the evidence does not support the verdict, it is not the province of the court in such a case to determine what verdict the jury should have returned and he should never, in any case, grant a new trial except when the verdict returned by the jury is prejudicial to the accused.
The last bill is equally without merit since it was reserved to the trial judge's refusal to grant a new trial, the motion therefor being based on the alleged errors just disposed of and the usual allegation that the verdict was contrary to the law and the evidence.
For the reasons assigned the conviction and sentence are affirmed.
O'NIELL, C. J., dissents for the reasons given in his dissenting opinion in State v. Thornhill, 188 La. 762, loc. cit. 794, 178 So. 343, loc. cit. 354.