PONDER, Justice.
 

 The defendant, Elzie Bryant, was indicted, tried, and convicted for aggravated battery and sentenced to serve ten months in the state penitentiary. The defendant has appealed from the conviction and sentence.
 

 During the course of the trial, counsel for the defendant reserved two bills of exception to the court’s rulings.
 

 Bill of Exception No. I was taken to a statement made by the district attorney in his argument. Bill of Exception No. II was taken to the overruling of a motion for a new trial predicated on the same grounds. Consequently, the sole question presented- is whether the statement of the district' attorney constitutes reversible error.
 

 The trial judge in his per curiam states that:
 

 “The note of evidence attached to Bill of Exception No. I shows the statement made by the District Attorney in his closing argument made to the jury and excepted to by counsel for defendant.
 

 “Counsel for defendant had contended that defendant was justified in making the attack upon the prosecuting witness and in the argument had criticized Prof. Shaw, Parish Superintendent, as a witness for the State.
 

 “The District Attorney in his closing argument contended that defendant was not legally justified under the facts in making the attack upon the prosecuting witness merely because he was offended at him; that being offended at a person was no legal reason for making an attack upon that person and if the law permitted one to make a legal attack because of offense towards another then Prof. Shaw, one of the State’s witnesses, had just as much right to make a felonious attack upon counsel for defendant, if said Shaw had become offended about what he said about him, as did Bryant have the right to make a felonious attack upon Pugh, the prosecuting witness, and strike him. The argument was concluded by the District Attorney stating that no man has the right to take the law in his own hands.
 

 “The discussion was provoked by counsel for defendant and the District Attorney had a right to reply to the argument made by counsel for defendant and the- exception
 
 *921
 
 made to the statement was not, in our opinion, prejudicial to the rights of the accused."
 

 The remarks of the district attorney were merely illustrative and argumentative and were provoked by remarks of opposing counsel. The remarks were to the effect that words do not justify an assault, and that a person does not have the right to take the law into his own hands.
 

 Under the circumstances, we cannot say that the remarks were improper. However, improper remarks made by a prosecuting attorney are ordinarily cured by the judge’s charge to disregard them except in extreme cases where they are of such a serious nature as to influence the jury. A mere error committed during the progress of a prosecution does not warrant the setting aside of a verdict unless it is of such grave import as to give rise to the belief that if it had not been for such, the verdict would have' been different. State v. Forbes, 111 La. 473, 35 So. 710.
 

 This Court has held on several occasions that a bill of exception of this kind not accompanied by a request to the trial judge to instruct the jury to disregard the remark presents nothing for our consideration. State v. Sims et al., 197 La. 347, 1 So.2d 541; 4 L.L.R. 286; State v. Poole, 156 La. 434, 100 So. 613.
 

 Counsel for the defendant cited State v. Robinson, 112 La. 939, 36 So. 811, and State v. Bessa, 115 La. 259, 38 So. 985, to support his contention that the remarks of the district attorney constituted reversible error.
 

 The cases are extreme in their nature and are not in point. In the Robinson case, supra, the district attorney commented to the jury on the failure of the accused to testify in his own behalf. In the Bessa case, supra, the statement of the district attorney was an appeal to racial prejudice. Under our law, the district attorney is prohibited from commenting on the failure of an accused to testify or from making an appeal to racial prejudice.
 

 For the reasons assigned, the conviction and sentence are affirmed. '