54 So.2d 95

**STATE v. CASCIO.**
**No. 40199.**

March 19, 1951.

On Rehearing June 29, 1951.

Samuel P. Love, Kenneth Rigby, Shreveport, for plaintiff-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., John A. Richardson, Asst. Dist. Atty., Shreveport, for appellee.

HAWTHORNE, Justice.

From a verdict of guilty of receiving stolen things of the value of $375.00 and a sentence therefor of 15 months' imprisonment without hard labor, defendant has appealed to this court, relying for reversal of the conviction and sentence on one bill of exception.

According to this bill of exception, associate counsel for the State in the closing argument to the jury "made statements to the effect that he had worked in conjunction with the District Attorney's Office in all phases of the case since the date of its inception, and was convinced that the accused was involved in the matter". Defense counsel's objection to these statements was

overruled by the court, and the bill was reserved.

In brief and before this court appellant's attorneys argue that the statement made by the associate counsel for the State constituted his opinion as to the guilt of the accused, based upon evidence not adduced during the trial, and was reversible error.

The trial judge in his per curiam informs us that "This objection was overruled for the reason that in his argument to the jury counsel for the defense stated to the jury that Mr. Bryan Bush, who was enrolled in the case as an assistant prosecutor, was the attorney for the party from whom the meat herein involved was stolen, and, further, that his presence indicated an attempt on the part of Mr. Bush to get this defendant convicted in order that he would have a good civil suit against this defendant for the recovery of the value of the meat received by the defendant. In rebuttal, Mr. Bush in answering this argument of defense counsel merely explained his connection with the case and why he was present, which we have no doubt Mr. Bush had a perfect right to do under the circumstances."

In our opinion it is extremely doubtful that the statement attributed to the associate counsel was his opinion as to the guilt of the accused. For the accused to be "involved in the matter" does not necessarily mean that he was guilty of the crime charged. One could, for instance, receive stolen property in perfect good faith and

without knowing or having reason to know that it was stolen, and under such circumstances he would be "involved in the matter" although not guilty of the crime denounced by the statute.

Even if we should concede that the statement was improper, the law of this state is well settled that it is only in extreme cases or for gross misconduct calculated to have influenced the jury that a verdict will be set aside by reason of improper remarks by the district attorney. State v. Cloud, 130 La. 955, 58 So. 827; State v. Atkins, 136 La. 844, 67 So. 926; State v. Shoemake, 143 La. 65, 78 So. 240; State v. Cole, 161 La. 827, 109 So. 505, and authorities therein cited.

The statement of the associate counsel, according to the trial judge's per curiam, was in reply to, and was provoked by, remarks made by counsel for the defendant in his argument to the jury and for this reason, even if improper, did not constitute justifiable reason for setting aside the verdict of the jury. State v. Satcher, 124 La. 1015, 50 So. 835; State v. McAdams, 149 La. 779, 90 So. 170; State v. Ellis, 167 La. 390, 119 So. 402; State v. Taylor, 167 La. 1113, 120 So. 875; State v. Bryant, 209 La. 918, 25 So.2d 814.

In State v. McAdams, supra [149 La. 779, 90 So. 171], this court said:

"* * * It would be an intolerable situation, if the counsel for the defendant in every state case in which assistant counsel should be employed, could impugn the motive of the state's associate counsel in prosecuting the case as being purely mercenary, and, after prejudicing the jury against the prosecution by such an accusation, could close the mouth of associate counsel against all reply, and thereby deny him the right of vindicating himself before the jury."

There are decisions in our jurisprudence to the effect that an expression of opinion by the district attorney as to the guilt of the accused, formed by him before trial or from evidence not adduced at the trial, constitutes reversible error, even though provoked by argument of counsel for the defendant, and that such expressions constitute reversible error even though the judge charges the jury to disregard them. State v. Accardo, 129 La. 666, 56 So. 631. See also State v. Iverson, 136 La. 982, 68 So. 98. For the reasons given hereinabove, however, we do not think that these cases have any application here, since, as we have stated, the statement here was not an expression of opinion as to the guilt of the accused.

This court has held that an objection to a remark or statement made by the district attorney, although a bill is reserved, presents nothing for our consideration on appeal unless the trial judge was requested to instruct the jury with reference to the remark. State v. Cullens, 168 La. 976, 123 So. 645. This rule was announced and given effect to in the following cases: State v. Genna, 163 La. 701, 112 So. 655; State v. Glauson, 165 La. 270, 115 So. 484; State

v. Sims, 197 La. 347, 1 So.2d 541; State v. Bryant, supra.

In the instant case no such request was made of the judge, and it falls within this rule, since the remark of the associate counsel for the State was not one of those remarks which because of their nature (such as an appeal to race prejudice) could not be cured by instructions from the court.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., takes no part.

On Rehearing.

McCALEB, Justice.

The sole question on this appeal is whether it was reversible error for associate counsel for the prosecution to state during his closing argument to the jury "that he had worked in conjunction with the District Attorney's Office in all phases of the case since the date of its inception and was convinced that the accused was involved in the matter". On the original hearing, we held in the negative for three reasons—viz.: (1) that the statement was not an expression of an opinion of guilt, (2) that, even conceding it to be improper, the error was not reviewable inasmuch as counsel for defendant failed to request the judge to instruct the jury to disregard it and (3) because it was provoked by, and was in answer to, remarks of counsel for defendant in his argument to the jury.

A re-examination of the case has convinced us that the statement of associate counsel for the prosecution that the accused was "involved in the matter" imports that he was of the opinion that the defendant was guilty of the crime charged. It is of course true, as observed in the original opinion, that to say that a person is involved in the charge of receiving stolen property does not necessarily connote that he is guilty because he may have received the property in good faith. But we cannot assume that associate counsel for the State intended that his remark should be thus construed or that the jury, composed of ordinary laymen, considered it in that aspect. On the contrary, it is more reasonable to conclude that counsel intended to impress the jury with his honest belief in defendant's guilt and that the jury understood it accordingly. Therefore, under normal circumstances, the remark would be considered improper as counsel's expression of his belief in defendant's guilt was not founded entirely upon evidence adduced at the trial but upon the investigation made by him in conjunction with the district attorney's office. State v. Clayton, 113 La. 782, 37 So. 754; State v. Accardo, 129 La. 666, 56 So. 631; State v. Iverson, 136 La. 982, 68 So. 98 and State v. Horton, 151 La. 683, 92 So. 298. See also 53 Am.Jur. "Trial" Section 486 and 23 C.J.S., Criminal Law, § 1104.

We are further of the opinion that it was not necessary for defense counsel to request the judge to instruct the jury to

disregard the remarks in order to have their impropriety considered on appeal. In the original opinion, it was correctly stated that it has been held, citing State v. Cullens, 168 La. 976, 123 So. 645; State v. Genna, 163 La. 701, 112 So. 655; State v. Glauson, 165 La. 270, 115 So. 484; State v. Sims, 197 La. 347, 1 So.2d 541 and State v. Bryant, 209 La. 918, 25 So.2d 814, that a bill of exceptions taken to the overruling of an objection to a remark made by the district attorney presents nothing for consideration on appeal in the absence of a request by defendant for instructions to the jury to disregard it. However, these pronouncements do not appear to rest on sound footing. Indeed, they require that the defendant do a vain thing for it seems to be utterly futile to request the judge to instruct the jury to disregard an allegedly improper statement when he has already approved it by his action in overruling a timely objection.

An examination of the cases holding that it is essential that defendant request the judge for instructions, even though his objection to the remarks has been denied, will reveal that the conclusions reached are founded on the ruling in State v. Poole, 156 La. 434, 100 So. 613, that a bill of exceptions, which does not disclose that counsel for defendant either objected or requested the court to instruct the jury to ignore the alleged improper statement of the district attorney, presents nothing for consideration on appeal. That decision is manifestly sound, its rationale being that this court cannot pass on a bill when it does not appear that there was either a ruling or a request for a ruling by the trial judge. Yet, in State v. Cullens and State v. Sims, supra, the deduction in the Poole case was erroneously construed as meaning that defense counsel was obliged to request the court to instruct the jury with reference to the remark complained of notwithstanding his previous objection which was overruled by the court.

We conclude that it is not essential for defense counsel to request instructions to the jury when his objection has been overruled by the judge and the authorities holding otherwise will not be perpetuated.

Whereas we are of the opinion that the remarks of associate counsel for the State would have been unwarranted under ordinary circumstances, we adhere to the views expressed in our original opinion that defendant is not entitled to complain for the reason that the statement was provoked by, and made in answer to, the argument of defendant's attorney imputing the motives of counsel's association with the prosecution as purely mercenary. It is well settled in this State that "A remark by the prosecuting officer in his closing argument, as a necessary or proper, answer to what has been said in the argument of defendant's counsel, though otherwise improper, affords no grounds for setting aside a conviction". See State v. Ellis, 167 La. 390, 119 So. 402, 403, quoting with approval from State v. Morgan, 145 La. 585, 82 So. 711 and State v. Satcher, 124 La. 1015, 50 So.

835. See also State v. McAdams, 149 La. 779, 90 So. 170; State v. Taylor, 167 La. 1113, 120 So. 875; State v. Sharbino, 194 La. 709, 194 So. 756; State v. Malmay, 209 La. 476, 24 So.2d 869; State v. Borde, 209 La. 905, 25 So.2d 736, 740, and State v. Bryant, supra. The rule is the same in other jurisdictions. See 53 Am.Jur. "Trial" Section 468 and 23 C.J.S., Criminal Law, § .1108.

In the case at bar, counsel for defendant argued to the jury that associate counsel had enrolled as an assistant prosecutor in an attempt to have defendant convicted so that he would have a good civil suit for the recovery of the value of the stolen meat allegedly received by defendant. This argument was based entirely upon conjecture and was not supported by any evidence in the record. Under the circumstances, defendant cannot complain of the remarks as his counsel invited the necessary and reasonable explanation made by counsel for the State that his association in the case was founded on his belief in defendant's guilt. The case may be said to be on all fours with State v. Borde, supra, where the district attorney, in answer to a charge by defense counsel that he did not believe the accused to be guilty, stated that " 'if I did not believe that he was guilty he would never have been brought to trial' ". It was there ruled that the defendant could not complain of the remark as it was precipitated by his own counsel.

In support of their contention that a prosecutor's remarks, ordinarily improper, are grounds for a reversal of a conviction even though they are provoked by the argument of an opposing attorney, counsel for defendant rely upon State v. Iverson, supra, where it was ruled that an impropriety in argument by defense counsel does not justify a retaliation by the district attorney which is prejudicial to the defendant and that the district attorney has a remedy by objecting to the unfair remarks.

The decision in State v. Iverson is not in harmony with the other above cited jurisprudence on this particular question [1] and does not coincide with our convictions. It is our view that, in cases where counsel for defendant depart from the record for the purpose of impugning the motives of the attorney for the prosecution, it would be, as stated in State v. McAdams [149 La. 779, 90 So. 171], supra, "an intolerable situation" that the attorney for the prosecution must remain mute and thereby be denied "the right of vindicating himself before the jury".

Accordingly, we hold that defendant in this case is not in a position to protest that

1. Compare State v. Brice, 163 La. 392, 111 So. 798, where the argument of the district attorney, which was an appeal to racial prejudice, was sought to be justified on the ground that it was made in answer to a remark of defense counsel. It was ruled, and properly so, that such an appeal, infringing upon constitutional rights, could not be justified under any circumstances.

the comment of associate counsel for the State was improper in that it was an expression of opinion of guilt not necessarily based on evidence adduced at the trial.

For the foregoing reasons, the original decree herein is reinstated as the final judgment of this court.

HAMITER, J., dissents.

HAWTHORNE, J., concurs.

› On Rehearing.

HAMITER, Justice (dissenting).

I agree with the majority's conclusion on this rehearing that the remarks of associate counsel for the prosecution were improper, they having constituted an expression of a belief in defendant's guilt not founded entirely upon evidence adduced at the trial. Also, I subscribe to the pronouncement that it was not necessary for defense counsel to request the judge to instruct the jury to disregard the remarks in order to have their impropriety considered on appeal. And, further, I recognize with approval the established doctrine that a remark by the prosecuting officer in his closing argument, as a necessary or proper answer to what has been said in the argument of defendant's counsel, though otherwise improper, affords no grounds for setting aside a conviction.

But I am unable to agree with the majority's holding that the associate prosecutor's expression of his opinion as to the accused's guilt (offered before the jury in this case) was necessary and proper as an

answer, though otherwise improper, to the argument of defense counsel. The latter's argument required only a statement by such prosecutor as to the reason for his being enrolled in the case. What the actual reason was I do not presume to know. It might well have been that the district attorney invited his association because of his thorough familiarity with all phases of the case and his ability as a criminal lawyer; or that, as defense counsel argued, he was eager to obtain a conviction so as to aid in the successful prosecution of a civil suit for his client to recover the value of the stolen meat. But certainly the compelling reason for the enrollment was not his belief or opinion that the defendant was guilty of the crime charged. Often lawyers, in their private practice and while investigating civil matters, reach the conclusion that crimes have been committed; yet very seldom are they associated with the district attorney in prosecuting the alleged perpetrators of the crimes. And if and when they are so associated, it is usually because of their familiarity with the cases or of some direct pecuniary interest in the outcome thereof; it is not because of mere entertained beliefs that the defendants are guilty.

In the majority opinion it is stated that this case may be said to be on all fours with State v. Borde, 209 La. 905, 25 So.2d 736, 740. The two cases, as I view them, are distinguishable. In State v. Borde the district attorney, during the course of his closing argument to the jury, remarked: "Mr. John Hunter, Sr. and Mr. John Hunt-

er, Jr. said that I did not believe in this case and did not in my own conscience believe that this accused was guilty and in answer to that I will say if I did not believe that he was guilty he would never have been brought to trial."

In responding to the accusation of defense counsel, the district attorney had only two alternatives: (1) to deny it, or (2) to answer as he did. Either of these would have produced the same effect—an expression of a belief of the accused's guilt. But in this case the associate prosecutor could very well have given a reasonable explanation as to the reason for his enrollment, about which defense counsel argued, without expressing his opinion that the accused was guilty.

Obviously prejudicial, the remarks complained of herein constituted, in my opinion, reversible error and the defendant is entitled to a new trial.

I respectfully dissent.

On Rehearing.

HAWTHORNE, Justice (concurring).

For the reasons expressed in the opinion on first hearing, I am still of the view that the statement made by the associate counsel for the State was not an expression of his opinion of the guilt of the accused.

I am in full accord with the holding to the effect that it is unnecessary for counsel for the defendant to request the judge to instruct the jury to disregard a remark made by the district attorney which he deems improper, when he has objected to the remark and reserved a bill to the judge's ruling, and I think that the cases so holding were correctly overruled for the reasons stated in the opinion on rehearing.

Further, I am in full accord with the other reasons given in the opinion for reinstating our decree rendered on the original hearing.