HAWTHORNE, Justice.
Convicted of aggravated battery and sentenced to serve 18 months’ imprisonment in the Louisiana state penitentiary, Claude R. Brossette has appealed.
For reversal appellant relies on two bills of exception. The first bill arose under the following circumstances:
After both the State and the defense had announced themselves ready for trial, the sheriff opened the jury box in which the names of the prospective jurors had been locked in a sealed envelope. He tore open this envelope, emptied into the jury box the slips of paper containing the names of the prospective jurors, shook the container, and drew from it a sufficient number of prospective jurors’ names to compose a jury of five. In making this drawing the sheriff took from the box seven slips of paper each containing the name of a prospective juror, two of whom had been excused for cause by the court and were not present. At this point counsel for appellant moved the court to dismiss the five jurors so drawn, for the reason that the jury box used by the sheriff was so small that it was impossible for the pieces of paper containing the prospective jurors’ names to become well mixed in the box when it was shaken, as evidenced by the fact that the seven names pulled out were the last seven names on the list of 30 persons drawn by the jury commission to serve as petit jurors for that term of court. Counsel’s motion was overruled by the court, and this bill was reserved.
As contended by counsel, the names of the seven jurors drawn were the last seven names on the list of prospective jurors selected by the jury commission, but, as reflected by the minutes of the court, they were not drawn in the same order in which they appeared on the list. The question *423 presented is whether this irregularity — if it is one — would justify us in granting appellant a new trial.
Counsel for appellant does not urge that any fraud has been practiced or any wrong committed in the drawing of these prospective jurors, nor has counsel pointed out to us how any statutory right of the accused has been violated or how he has been prejudiced by this drawing. Under these circumstances we fail to see any reversible error in this jury box incident.
In this connection we might observe that, of the five jurors who answered present, two were peremptorily challenged by the State and three accepted to try the case by both the State and the defense. Moreover, a jury of five was completed without the appellant’s having exhausted his peremptory challenges.
Obviously the matter complained of in this bill does not entitle appellant to a new trial. See Art. 557, La.Code Cr.Proc.
BiTl No. 2 was reserved in connection with a remark of the district attorney during his final argument. Appellant was charged in this case with aggravated battery upon Julius Durwood Reed. In argument to the jury the district attorney said that, while Reed was driving to a hospital in Alexandria to have his wound sutured, he wrecked his car due to loss of blood from the knife wound inflicted by the accused, and died a few days later from injuries received in the accident. Counsel for appellant objected to this statement and asked the court to declare a mistrial. Counsel’s objection was to the effect that the district attorney’s argument was going beyond the evidence and was highly prejudicial to the accused because of its inflammatory nature. Although the trial judge informs us in his per curiam that it had been brought out during the trial without objection that Reed was fatally injured in an automobile wreck shortly after he had been cut by the accused, he sustained counsel’s objection and instructed the jury to disregard the district attorney’s remark and not to consider any argument not supported by the evidence.
 It is the well settled law of this state that counsel in a criminal case must confine themselves to' matters on which evidence has been received and refrain from any appeal to prejudice. Art. 381, La.Code Cr.Proc. It is equally well settled in our criminal jurisprudence that improper remarks by the district attorney are cured by the judge’s charge to the jury to disregard them — except in extreme cases.[1] State v. Brown, 166 La. 43, 116 So. 588; State v. Bryant, 209 La. 918, 25 So.2d 814; State v. Dowdy, 217 La. 773, 47 So.2d 496, certiorari denied 340 U.S. 856, 71 S.Ct. 75, *425 95 L.Ed. 627; see State v. Jackson, 227 La. 642, 654, 80 So.2d 105, 109.
As shown by the trial judge’s per curiam on this bill, the evidence that Reed was fatally injured in the automobile wreck had been adduced without objection, but the district attorney was apparently going outside the record when he stated that the wreck was caused by loss of blood. Nevertheless we do not consider this remark to be one of those extreme ones which are so inflammatory or prejudicial that they cannot be cured by the instruction of the judge to disregard.
In State v. Jackson, supra, this court said:
“ * * * Under the jurisprudence of this court, before a verdict approved by the judge is set aside on the ground of improper argument of such a nature as this, this court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Ailes, 133 La. 563, 63 So. 172; State v. Shoemake, 143 La. 65, 78 So. 240; State v. Davis, 178 La. 203, 151 So. 78. * * * ”
In the instant case we do not believe that the jury was influenced by the prosecuting attorney’s remarks in arriving at their verdict, especially in view of the fact that the judge sustained counsel’s objection and told the jury to disregard the remarks.
The conviction and sentence are affirmed.

. Appeals to race prejudice or comments on failure of defendant to take the stand are such extreme cases.