## No. 8640.

### THE STATE OF LOUISIANA VS. JOHN FAHEY.

A clerk of a District Court, elected in December, 1879, who took an oath of office as clerk on the 21st of January, 1880, and who took an oath as *ex-officio* jury commissioner on March 6th, 1880, complied with the requirements of the Constitution, of the law and of jurisprudence ; and was thus legally qualified as far as the prescribed oath was concerned as a jury commissioner. No other oath was required of him on entering into his office on the 1st Monday of April, 1880.

There is no authority under the laws of Louisiana or the Common law, to empower a court to issue a commission to take the testimony of witnesses residing in another State, in a criminal cause.

2

A new trial will not be granted with the view to introduce newly discovered evidence for the purpose of impeaching the testimony of a witness in a criminal case. Cumulative evidence cannot be considered as a sufficient ground for a new trial.

The newly discovered evidence, made the basis of the motion for a new trial, must be shown to be material and of such a nature as to change the result of the trial. The presence in court of the accused is not indispensable during the trial and disposition of motions for continuance, to quash the *venire* or other proceedings of like insignificant character, not material or essential parts of the trial of the guilt or innocence of the accused.

A PPEAL from the Thirteenth Judicial District Court, Parish of St. Landry. *Hudspeth*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

1. Motion to quash the venire because of an alleged defect or irregularity must be urged on the first day of the term. Sec. 11, Act No. 44 of 1877, p. 58; State vs. Thomas, 32 An. 350; State vs. Jack Williams, 34 An. 1251, etc.

2.' Commissions to take testimony outside of this State cannot issue in criminal cases. State vs. Fulford, 33 An. 684.

3. The State can offer evidence in rebuttal to prove the good character of one of her witnesses, whose character for honesty and veracity has been attacked by the defense.

4. Defendant is not entitled to a new trial for the purpose of offering cumulative evidence; nor for offering newly discovered evidence, unless he state in his affidavit annexed to the motion that he has used due diligence to obtain said evidence.

5. This court will not disturb the ruling of the lower court in refusing a new trial, when the judge *a quo* has, in the discretion vested in him by law, based said refusal on the ground that he did not believe the allegations in the motion, and that the only object was delay. State vs. Beaird et al., 34 An. 105; 4 An. 438; Ib. 441.

6. It is not essential that the accused should be present in court during the trial of preliminary motions before trial, or on the trial of motions for continuance and new trial. State vs. Harris, 34 An. 121, and authorities there cited.

*John N. Ogden* and *E. P. Veazie* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    Under a sentence to hard labor for life, for murder, the accused, on appeal, complains of numerous errors alleged to have been committed by the District Judge:

1. In overruling a motion to quash the venire of jurors drawn for the term.

2. In refusing to issue a commission to take the testimony of witnesses residing in the State of Illinois.

3. In admitting, over defendant's objection, the testimony of a witness to prove the good character of a State witness, whose veracity had been assailed by witnesses for the defense.

4. In overruling defendant's motion for a new trial, predicated on the ground of newly discovered evidence.

5. In overruling his motion in arrest of judgment, predicated on the failure of the minutes' to show his presence in court during the fixing, trial and disposition of his motion to quash the venire; of his

State vs. Fahey.

motion for a commission to take testimony, and of his motion for a continuance.

*First.* In his motion to quash the venire, the accused urged that J. O. Chacheré, the clerk of the court of St. Landry, had not taken an oath as a member of the jury commission since the date of his oath as clerk for his present term, on the 8th of April, 1830.

It appears from the record that Chacheré was the clerk of the District Court for the Parish of St. Landry, under the Constitution of 1868, for the term immediately preceding his present term ; and that being elected to the same office under the present Constitution, he took the office under his new election on the 8th of April, 1880, on which day he took an oath as clerk, but not as *ex-officio* jury commissioner.

The record shows further, that under his election in December, 1879, and during his tenure of the office, under the Constitution of 1868, Chacheré took an oath as clerk of the Thirteenth Judicial District Court for the Parish of St. Landry, the present court, on the 21st of January, 1880; and that on the 6th of March following, he took an oath as jury commissioner in and for the Parish of St. Landry.

The question is, therefore, as to the sufficiency of the oath thus taken on the 6th of March, 1880.

We are clearly of the opinion that the question must be answered in the affirmative.

In taking his oath of office as clerk elect, on January 21st, 1880, that officer fulfilled the requirement of the present Constitution, which provides in Art. 149, that "members of the General Assembly and all officers, before they enter upon the duties of their offices, shall take the following oath," etc.

Nothing in the Constitution, nor in the existing laws, fixed the time at which such oath should be taken before the date, the first Monday in April, 1880, on which that officer was to enter upon the duties of his office ; and, therefore, the oath could have been legally taken by him immediately after receiving his commission.

The only mandatory direction of the law was the statute prescribing the time within which the oath should have been taken after the issuance of the commission of office. Hence, the oath of January 21st, 1880, was sufficient to qualify him as clerk, as far as the exigency of the oath was concerned, and, therefore, the oath of March 6th, 1880, as *ex-officio* jury commissioner was sufficient. There was no necessity for the oath of April 8, 1880, which did no harm, but added nothing to his legal qualification as clerk. State ex rel. Lemonnier vs. Beard, 34 An. 287.

*Second.* The judge did not err in refusing the commission to take testimony in Illinois ; and in so doing he correctly applied the rule laid down by us, after mature reflection, in the case of Fulford, 33

An. 684, in which we held that no such right exists under our Statutes, or could be traced to the common law.

*Third.* The veracity of a leading State witness having been assailed by the defense, it was not only legal but incumbent, on the part of the prosecution, to attempt by testimony to maintain his good character. There is no force in the objection that the proffered witness had not been a long resident of the parish and, therefore, not competent to testify touching the good character of the assailed witness. This objection might go to the effect, but surely not to the admissibility of the testimony.

*Fourth.* The avowed object of the defendant in moving for a new trial was to introduce newly discovered evidence against the veracity and character of the leading State witness, Riley, one of the very objects for which, under established criminal jurisprudence, a new trial should not be granted. Waterman's U. S. Criminal Digest, pp. 458 and 459, Secs. 196, 207 and 208, and cases there noted; Archbold Cr. Practice, etc., pp. 649 to 653.

And besides, the affidavit fails to allege or show that with due diligence, that evidence had not been discovered before or during the trial. Evidence on that point had been introduced at the trial; and the newly discovered evidence would at most have been cumulative; an insufficient ground for a new trial. Waterman, p. 459, Sec. 207; State vs. Alverez, 7 An. 284.

As a groundwork for a new trial the affidavit was radically defective in failing to allege or show that the newly discovered evidence was sufficiently material to change the result of the trial. State vs. Clark, 8 R. 533; State vs. Hornsby, Ib. 554; State vs. Kennedy, Ib. 590; State vs. Johnson, 30 An. 305.

*Fifth.* The objection that the minutes fail to show the presence of the accused in court during the discussion of his motions for continuance and to quash the *venire*, etc., and during proceedings of an insignificant character, can hardly be treated as serious in the light of our recent rulings on this point, which were calculated to entirely eliminate such questions from the field of discussion.

It can now be considered as elementary, that the absence of the accused during the trial of motions not making part of the actual trial of his guilt or innocence, but having reference to the form or conduct of the trial, will not vitiate the proceedings. State vs. Clarke, 32 An. 560; State vs. Harris, 34 An. 121.

The point is clearly untenable.

Our conclusion is, that the defendant has had a fair, legal and impartial trial, and hence, he can obtain no relief by his appeal.

Judgment affirmed.

Rehearing refused.