State vs. West.

No. 8719.

THE STATE OF LOUISIANA VS. ROBERT WEST.

Under the provisions of Act 44 of 1877, the District Judge has the discretionary power to order the drawing of additional jurors to serve as regular or as talesman jurors; and under the same authority he has the power to discharge the jurors so drawn, if he thinks that their services are no longer necessary.

APPEAL from the Twelfth District Court, Parish of Rapides. *Barbin*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*H. L. Daigre* for Defendant and Appellant.

POCHÉ, J. The complaint of the defendant, who has been sentenced to hard labor for two years under a conviction for horse stealing, is that, on the day of his trial, which was during the fourth week of the term of the court, the Judge discharged forty talesmen jurors drawn for that week under the order of the Judge, authorized by Section 7 of Act No. 44 of 1877.

The record shows that forty regular jurors had been drawn by the jury commission for the fourth week of that term; and that those jurors were in attendance during that week, and contributed to make up the jury who tried the case.

Under the Act of 1877, the Judge is vested with full discretionary power to order the drawing of additional jurors to serve either as regular or as talesmen jurors, and to direct that they be summoned without delay, or within such time as he may prescribe.

In the case of Steward, recently decided at Opelousas, not yet reported, we had occasion to consider that Section of the law, and to define the extent of the judicial discretion therein vested, and we there held that under the plain text of the law, the Judge was authorized to

draw such jurors, as a means of providing for the deficit of jurors reg-ularly drawn, who were absent or could not be found, or had been excused.

From the very nature of this discretionary power flows the corres-ponding discretion to discharge the jurors so drawn, when from subse-quent events and from the state of his criminal docket it appears to the Judge that the services of such jurors would be no longer necessary. Hence the conclusion that, in this case, the Judge did not transcend his powers and did no injury to appellant in discharging the talesmen jurors drawn for the fourth week.

In his brief, counsel complains that both the talesmen and the regu-lar jurors drawn for the fourth week had been discharged on the day, and before the beginning, of his trial.

But in this he is mistaken, for his bill of exceptions mentions only the discharge of the talesmen jurors, and the record shows that seven of the regular jurors drawn for the fourth week had been sworn on his jury.

Judgment affirmed.