McCALEB, Justice.
 

 Bud Rachal and three others were charged in a bill of information with having robbed one William L. Davis. The three other defendants pleaded guilty and were sentenced to serve three years in the state penitentiary. Rachal was tried, convicted and sentenced to a term of four years at hard labor. He has appealed from his conviction and sentence.
 

 There are ten bills of exception in the record but it is not necessary to consider all of them for the reason that some have been abandoned and others have been duplicated. Bill No. 5 was abandoned below and bill No. 1 has been abandoned in this court; bill No. 6 is a duplicate of No. 4 and bills Nos. 8, 9 and 10, taken to the judge’s action in overruling motions for a continuance, new trial and in arrest of judgment, are mere reiterations of the points raised in bills Nos. 2, 3, 4 and 7. Hence, we address our attention to the latter.
 

 Bill No. 2 was taken to the refusal of a continuance of the trial because appellant was allegedly not arraigned in person, it being charged that he pleaded not guilty through his counsel.
 

 There is no merit in the bill. The judge denies the allegation concerning appellant’s absence stating, in his per curiam, that he was in court on the day of his arraignment and pleaded not guilty through his attorney. The minutes of the court are in accord with this statement.
 

 Bill of exception No. 3 was taken to the overruling of the motion for a continuance on the ground that appellant was deprived of the right to deliberate as to whether he would be tried by the jury or the judge, inasmuch as the judge failed to advise him of his right of waiver at the time of arraignment, as prescribed by law. Article
 
 *369
 
 259 of the Code of Criminal Procedure declares :
 

 “In all felony cases, not capital, or necessarily punishable with imprisonment at hard labor, the defendant shall at the time of arraignment be informed by the court that he may waive trial by jury and elect to be tried by the judge alone * * *
 

 The judge did not comply with the provisions of this Article because he did not inform appellant of his right to waive trial by jury- at the time of arraignment. However, the per curiam shows that appellant suffered no injury forasmuch as the judge informed him of his right to waive the jury prior to calling the case for trial. In these circumstances, the error will be regarded as harmless. Article 557 of the Code of Criminal Procedure.
 

 The trial of appellant was fixed for May 27, 1947. Prior thereto, the judge ordered the drawing of 30 additional jurors to serve for the week beginning May 26, 1947, and appellant was served with a copy of the list of persons drawn as such jurors. However, these additional jurors were discharged by the judge on May 26th and appellant was tried by a jury of five chosen from the regular jury panel. Appellant objected to this trial by a jury selected from the regular panel, insisting that he was entitled to the opportunity of having the jury composed of jurors on the additional as well as the regular panel. The refusal of the judge to grant a continuance on this ground was made the basis for bills of exception Nos. 4 and 6.
 

 In his per curiam, the judge states that he ordered the drawing of 30 additional jurors to serve during the week of May 26, 1947, because a case involving four defendants charged with attempted murder was fixed for the beginning of that week; that, since each defendant had 12 peremptory challenges and the state a like number, it was plain that it would be necessary to have such jurors and that, after that case was concluded on May 26th, he discharged the additional jurors inasmuch as the regular panel was wholly sufficient for trial of the other cases on the docket which required only a jury of five.
 

 The calling of additional jurors under Article 185 of the Code of Criminal Procedure was a matter within the sound discretion of the judge. And he was invested with the same power to order the discharge of these additional jurors when he felt that the regular panel would be sufficient for the cases remaining on the criminal docket. See State v. West, 35 La. Ann. 28. Appellant does not show an abuse of discretion ’by the judge or that he was injured as the result of the action complained of.
 

 Bill of exception No. 7 was taken to the court’s admission, allegedly over objection, of a statement by one of the co-defendants, who appeared for the State, that he and the appellant planned the robbery. The judge, in his per curiam, states that, when the district attorney attempted to show by this witness that the robbery was executed in
 
 *370
 
 accordance with a previous plan, he sustained an objection of counsel for appellant on the ground that it had not been shown that appellant was present at the time the plan was confected. However, he further asserts that, later in the examination, the witness stated several times, without objection, that Radial had planned the robbery with the three others who had pleaded guilty.
 

 In the absence of an objection by counsel for appellant, the judge was without right to rule out the testimony. The objection which was sustained at the beginning of the examination of the witness could not supply the necessity of a subsequent objection at the time the alleged prejudicial questions were propounded. It does not appear that counsel either moved to strike the questions and answers or that he requested the court to instruct the jury not to consider them.
 

 The conviction and sentence are affirmed.