43 So.2d 761

**STATE v. BASCO.**

No. 39545.

Dec. 9, 1949.

Rehearing Denied Jan. 9, 1950.

James W. Jones, Jr, Natchitoches, for defendant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., H. L. Hughes, Dist. Atty., S. R. Thomas, Natchitoches, for appellee.

PONDER, Justice.

The defendant was tried for murder and convicted of manslaughter. He was sentenced to serve twelve years in the state penitentiary. He has appealed. We are presented on this appeal with fifteen bills of exceptions taken to the rulings of the trial judge.

Bill of exception No. 1 was taken to the overruling of defendant's objection to arraignment and the fixing of his case for trial. The objection was levelled at the refusal of the trial judge to pass on the defendant's sanity at the time of the commission of the alleged crime. The lower court is without authority to pass on this question because it is in the province of the jury alone. Article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932 and No. 261 of 1944; State v. Sample, 203 La. 841, 14 So.2d 678.

Bill of exception No. 2 was taken to the overruling of defendant's objection to the order of the court directing the jury commission to draw the names of forty persons to serve as jurors in the case. While Article 181 of the Code of Criminal Procedure states the customary number of jurors to be drawn, it is provided in Article 185 of this code that the judge may at any time draw additional jurors. In this case the defendant was being tried for murder and the state and defense had a right to twelve peremptory challenges, a total of twenty-four peremptory challenges. Under such circumstances, it would have in all probability required more than thirty-six prospective jurors in order to select the jury. By ordering the jury commission to select the forty prospective jurors it expedited the trial and saved loss of time and money. There is no contention that any fraud was practiced in the drawing of the jury or injury shown to the defendant. Under such circumstances, we find no abuse of

the trial court's discretion. Article 203, Code of Criminal Procedure; State v. Rachal, 212 La. 731, 33 So.2d 501.

▮▮ Bill of exception No. 3 was taken to the overruling of a motion for continuance based on the grounds that the defendant was not present at the time of the submission of the question of his sanity and that neither he nor his counsel were present at the time the court decreed him presently sane. The proceedings inquiring into the present insanity of an accused are preliminary and do not form a part of the trial. The trial only begins when the first juror is called for qualification, Article 332, Code of Criminal Procedure, and the steps in the trial are set forth in Article 333 of this code. The authority relied on by the defendant deals with the absence of an accused during the course of the trial which is not applicable. We are here dealing with a preliminary proceeding that forms no part of the trial and does not relate to the guilt or innocence of the accused. The proceeding is to determine whether or not the defendant's mental condition is such that he understands the nature of the offense he is charged with and is able to assist in his defense if brought to trial. In the case of State v. Fahey, 35 La.Ann. 9, wherein a motion for the arrest of a judgment, a motion to quash the venire, and a motion for a continuance were involved, this court stated: "It can now be considered as elementary, that the absence of the accused during the trial of motions not making part of the actual trial of his guilt or innocence, but having reference to the form or conduct of the trial will not vitiate the proceedings." This doctrine was approved in the case of Barber v. U.S., 4 Cir., 142 F.2d 805 and in Ormsby v. U.S., 6 Cir., 273 F. 977. See also State v. Outs, 30 La.Ann. 1155. This reasoning is more pertinent to preliminary proceedings prior to the trial and especially to the plea of present insanity because it could in no sense be considered a part of the trial.

▮ Bill of exception No. 4 was taken to the refusal of the trial court to employ a court reporter to take down the evidence supporting the bill of exceptions. The trial court refused to employ the reporter because the minute clerk, as customary, took all testimony that was requested and no possible injury could have resulted. We see no merit in this bill.

▮ Bill of exception No. 5 was taken to the overruling of defendant's objection to the admission of a confession. It is contended that the confession was induced by the promise of the sheriff that if the defendant admitted that he shot the deceased that he would be light on him or that the court would be light on him. The contention is not supported by the evidence and the state proved that the confession was freely and voluntarily made. Moreover, counsel for the accused in his opening statement and in his examination of the jurors on their voir dire was relying on the defense of self-defense. The accused testified that he shot the deceased in self defense. We see no merit in this bill.

▮ Bill of exception No. 6 was taken to the refusal of the trial judge to permit

counsel for the defendant to have the testimony, taken out of the presence of the jury relating to the admissibility of the confession, transcribed and read to the jury. We see no merit in this bill.

■■ Bill of exception No. 7 was taken to the refusal of the trial judge to permit the defendant to prove the bad character of the deceased. The lower court refused to admit the testimony because no overt act or hostile demonstration on the part of the deceased at the time of the shooting had been proved. The deceased was shot in the back. The testimony of the defendant that he shot at a hawk and was shot at with a rifle before he shot in the direction of the sound of the rifle did not impress the trial judge and is not very impressive to us. Whether or not an overt act has been proven is a question to be decided by the court and the court can disregard any testimony that it deems unworthy of belief. State v. Washington, 184 La. 544, 166 So. 669. The trial judge has a wide discretion in deciding whether an overt act has been committed. State v. Scott, 198 La. 162, 3 So.2d 545.

Bills of exceptions 8 to 13, inclusive, involve the same question presented in bill of exception No. 7. We see no merit in these bills.

Bill of exception No. 15 was taken to the overruling of a motion for a new trial based on the exceptions we have heretofore passed on.

For the reasons assigned, the conviction and sentence are affirmed.