48 So.2d 905

### STATE v. TOBIAS.

### No. 40019.

Nov. 6, 1950.

B. B. Croom, Baton Rouge, for defendant appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred S. LeBlanc, Dist. Atty., Sargent Pitcher, Jr., First Asst. Dist. Atty., Baton Rouge, for appellee.

HAMITER, Justice.

Moise Tobias, the defendant, was indicted and tried for the murder on October 15, 1949, of one John Esnault. The jury returned a verdict of "guilty as charged—without capital punishment", and the court sentenced him to confinement at hard labor in the Louisiana State Penitentiary for the rest of his natural life. From the conviction and sentence he has appealed, relying for a reversal on nine bills of exceptions reserved during the course of the trial.

Of these bills, all of which may be considered and disposed of in two groups, some were taken when the court sustained objections by the State to questions propounded to defense witnesses that pertained to the alleged dangerous character of the deceased, especially his reputation for fighting. As to the issue of law thus created Article 482 of the Code of Criminal Procedure recites: "In the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible." And, in the interpretation of the provision, this court has held that proof of such overt act or hostile demonstration must be made to the satisfaction of the trial judge, who is vested with wide discretion in the matter, before the accused may introduce any evidence of prior altercations with or the dangerous character of his adversary. State v. Scar-

brock et al., 176 La. 48, 145 So. 264; State v. Boudreaux, 185 La. 434, 169 So. 459; State v. Scott, 198 La. 162, 3 So.2d 454; State v. Malmay, 209 La. 476, 24 So.2d 869.

■ As shown by his per curiam the trial judge, in the instant cause, was not satisfied that the proper foundation had been laid for the introduction of the mentioned evidence, he having entertained "considerable doubt that the deceased had committed a hostile or overt act at the time he was slain or injured, for the reason that the altercation between him and the defendant occurred and they parted, and the deceased had gone down the street some distance, and the evidence indicated that some minutes elapsed between the time they stopped fighting and the later event which resulted in the defendant stabbing to death the deceased with an ice pick." And it was because of such doubt, as well as other assigned reasons, that he excluded the evidence. There is no testimony in the record disclosing the circumstances attending and immediately preceding the fatal stabbing of the deceased and, hence, we are unable to hold that the judge abused his discretion and erred in the complained of rulings.

■ The remaining bills of exceptions arose from the following situation which occurred on two occasions. After the court had sustained the State's objection to questions relating to the alleged dangerous character of the deceased, defense counsel sought to declare in the presence of the jury, and to present argument thereon, the purpose of his questions. Whereupon, the State asked for the retirement of the jury, and to the request defense counsel objected. The court overruled the objection, and exception to the ruling was taken. The reason for the ruling, as shown by the judge's per curiam, was that by his declaration and argument defense counsel would state to the jury that which he was not permitted to show by the witness, namely, the alleged dangerous character of the deceased. We find no error in the ruling. By it the judge prevented counsel from placing before the members of the jury indirectly objectionable information which he was unable to furnish to them directly, and such action was clearly within the trial court's province and discretion.

For the reasons assigned the conviction and sentence are affirmed.