LE BLANC, Justice.
 

 The defendant appeals from a conviction by a jury and sentence in the district court under which he was committed tq the State Penitentiary for a period of ten years.
 

 He was charged by an information filed by the District Attorney with having, on March 15, 1952, “attempted to murder Rufus Elmer Cooley.” He reserved certain bills of exception to rulings in the court below on which he bases his appeal and seeks a reversal of his conviction.
 

 Defendant had summoned a number of witnesses by whom he intended to adduce evidence of the injured person’s dangerous character. To the testimony sought to be elicited from each of ten of them who were called to the witness stand, counsel for the State objected on the ground that the proper foundation for the introduction of such testimony had not been laid in that there had been no proof of a hostile demonstration or an overt act by the injured person. The district judge sustained the objection in each instance and in each, a bill was reserved. Another bill, the eleventh, was taken upon the refusal of the trial judge to sustain a motion for a new trial. The same issue is involved as in the other ten so the whole matter really resolves itself into the one proposition which concerns the discretion of the trial judge in matters of this kind.
 

 The judge’s ruling, as he states in his per curiam, was based on Article 482 of the Code of Criminal Procedure, LSA-R.S. 15:482, which provides that:
 

 “In the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
 

 This article places the matter directly within the discretion and the judgment of the trial judge. He is the one who determines whether there is sufficient proof, or an absence of proof of a hostile demonstration or overt act and passes on the admission of testimony relating to the dangerous character of the person concerned. The decisions of this court are very numerous and very positive on this point, one of .the latest being State v. Basco, 216 La. 365, 43 So.2d 761, 763 in which this statement appears :
 
 *1114
 
 In the still more recent case of State v. Tobias, 218 La. 226, 48 So.2d 905, after quoting the article of the Criminal Code, the •court stated:
 

 
 *1112
 
 “Whether or not an overt act has been proven is a question to be decided by the court and the court can disregard any testimony that it deems unworthy of belief. State v. Washington, 184 La. 544, 166 So. 669. The trial judge has a wide discretion in deciding whether an overt act has been committed. State v. Scott, 198 La. 162, 3 So.2d 545.”
 

 
 *1114
 
 “And, in the interpretation of the provision, this court has held that proof of such overt act or hostile demonstration must be made to the satisfaction of the trial judge, who is vested with wide discretion in the matter, before the accused may introduce any evidence of prior altercations with or the dangerous character of his adversary. State v. Scarbrock, 176 La. 48, 145 So. 264; State v. Boudreaux, 185 La. 434, 169 So. 459; State v. Scott, 198 La. 162, 3 So.2d 545; State v. Malmay, 209 La. 476, 24 So.2d 869.”
 

 'Counsel for defendant concedes, as he must, the force of all these decisions and seems to realize their impact on the jurisprudence of this State on the question involved. Nevertheless, he maintains that the ruling of the district judge and the use he made of the discretion granted to him, are matters that are reviewable on appeal, and, he urges, this is the type of case in which the ruling should be reviewed.
 

 Counsel is correct in stating that the matter is reviewable. That was held in what is perhaps the latest case on the subject: State v. Sears, 220 La. 103, 55 So.2d 881, 886 wherein the court stated:
 

 “It is, of course, true that the ruling of the judge on the question- of whether a proper foundation has been laid to permit evidence of hostile demonstration or prior threats is reviewable by this court. State v. Brown, 172 La. 121, 133 So. 383; State v. Maines, 183 La. 499, 164 So. 321 and cases there cited. But it is also- established that this court will not reverse the ruling of the judge on this question of fact in the absence of manifest error (State v. Cox, 218 La. 277, 49 So.2d 12) which we do not find to be present in the case at bar.”
 

 In the present case the trial judge, in his per curiam, detailed the evidence which shows that the only witnesses who testified concerning an overt act on the part of the injured person were the accused and his wife. Unfortunately for the accused, the judge did not believe his testimony nor that of his wife and he gave good and sufficient reasons, in our opinion, why he did not. That, of course, left the case bare of •any proof of hostile demonstration or overt act and his subsequent ruling by which evidence of the dangerous character of the injured party was excluded, was correct. Certainly no manifest error appears.
 

 As we stated before, Bill No. 11 presents the very same issue on which we have just concluded and therefore it needs no further consideration.
 

 For the reasons stated the conviction and sentence are affirmed.