290 So.2d 829 (1974)
STATE of Louisiana, Appellee,
v.
Thomas C. MITCHELL, Appellant.
No. 53899.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
*830 Keith M. Whipple, Himel & Whipple, Huma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Mitchell was convicted of murder, La.R.S. 14:30, and sentenced to life imprisonment. On his appeal, he relies upon fourteen bills of exceptions.

Self-Defense: Hostile Act by the Victim?
The most serious issue is raised by three bills (Nos. 6, 10, and 11) taken to the trial court's refusal, upon state objection, to allow evidence of the dangerous character of the deceased victim or of threats allegedly made by him against the accused defendant. Evidence of this nature is not admissible "in the absence of evidence of hostile demonstration or of overt act" on the part of the victim. La.R.S. 15:482 (1952).
The evidence attempted to be introduced by the accused was in support of a claim of self-defense. La.R.S. 14:20; see Comment, 16 Tul.L.Rev. 609 (1942). The essential thrust of the defense asserted is that the defendant shot the victim only after the victim, a larger man, lunged towards him to attack him.
The context facts are these:
Prior to the killing, the decedent Lerille was sitting on a bar stool in a lounge owned by his judicially-separated wife. Following the separation, she was living with the defendant Mitchell. Mitchell walked into the lounge, holding a gun at his side. He came towards the bar. Lerille, facing the bar, swung around leftward on his bar-stool when his wife cried out, "O [or No], Tommy [Mitchell], No." At this point, the defendant Mitchell was less than ten feet from Lerille.
The crux of the factual dispute is whether Lerille then lunged viciously towards Mitchell, in response to which Mitchell shot him, or whether instead Lerille rose to escape or to defend himself as Mitchell shot him. (Mitchell, incidentally, explained his carrying the gun as being an attempt to leave it at the bar for Lerille, to whom it belonged.)
Mitchell wished to introduce evidence of the dangerous character of the decedent Lerille and of his prior threats to kill Mitchell. As noted, such evidence is not admissible in the absence of evidence of *831 "hostile demonstration or overt act" by the person injured. La.R.S. 15:482 (1952).
The trial court allowed the defendant Mitchell, outside of the presence of the jury, to attempt to establish as a predicate the hostile demonstration, as well as to show some of the threats in the light of which the movement by Lerille might have been deemed to have been an overt act. The trial court then held that the testimony of Mitchell, as well as of Mrs. Lerille, of the lunging attack did not establish it was an overt act.
The trial court's factual determination that no hostile demonstration or overt act was proved, based upon its reasonable evaluation of the credibility of the witnesses and the sufficiency of the evidence, is subject to review. Nevertheless, this factual determination will not be disturbed upon appeal unless clearly erroneous.
See: State v. Foreman, 256 La. 999, 240 So.2d 736 (1970); State v. Rowland, 246 La. 729, 167 So.2d 346 (1964); State v. Terry, 221 La. 1109, 61 So.2d 888 (1952); State v. Cox, 218 La. 277, 49 So.2d 12 (1950); State v. Tobias, 218 La. 226, 48 So.2d 905 (1950); State v. Basco, 216 La. 365, 43 So.2d 761 (1950); State v. Boudreaux, 185 La. 434, 169 So. 459 (1936); State v. Dreher, 166 La. 924, 118 So. 85, 102-103 (1928); State v. Sandiford, 149 La. 933, 90 So. 261 (1921) (foundation decision).
The trial court's ruling that no overt act or hostile demonstration was made by the decedent is a reasonable evaluation of the evidence:
The defendant Mitchell walked into the lounge holding a pistol at his side. The decedent Lerille's car was parked outside, allowing an inference that he knew Lerille was inside. The evidence offered by the defendant and his girl friend that Lerille charged the defendant to attack him conflicts with other evidence indicating that he was shot as he rose to escape or to defend himself from being shot. This latter testimony, as well as the physical evidence that Lerille was shot in his left side, i. e., before he had completed his turn on the stool to face Mitchell, supports the trial court's factual determination that no overt act or hostile demonstration took place prior to the shooting.
We therefore do not find erroneous the trial court's ruling to such effect, nor its consequent refusal to permit the jury to hear evidence of the victim's dangerous character nor of threats previously made by him against the defendant.

Other Bills of Exceptions
Other bills were perfected: (a) to a statement in the opening argument of the prosecutor, which was supposedly arguing the law; (b) to a refusal to permit a jury venireman, who had previously been thoroughly interrogated on the issue and who had indicated his understanding of and willingness to follow the law, to be questioned as to whether he thought the law was good or bad; (c) to a refusal to exempt a defense witness from the rule sequestering witnesses; (d) to the admission of the coroner's testimony, on the ground that he did not know the decedent personally but had identified him only from a photograph as the person on whom he performed an autopsy, and on the ground that the x-rays of the decedent (which confirmed the autopsy and which were taken in his presence and at his direction) were not taken by the coroner, nor was he with them during the development process; (e) to the admission of certain photographs of the decedent, previously identified by the police photographer as accurate depictions of what he saw, and of the x-rays previously identified by the coroner, on the (obviously incorrect) ground that they were neither relevant nor material; (f) to testimony in passing that the police had put out a wanted bulletin for the defendant Mitchell immediately after the shooting and after he had left the scene; (g) to the denial of a directed verdict; (h) to the state's request for a defense witness to demonstrate physically her appreciation of how the decedent had reacted *832 to the defendant Mitchell's appearance; (i) to the trial court's refusal to permit re-re-direct examination on a minor issue which had been covered on re-cross examination, in response to questioning about it in re-direct, cf. La.R.S. 15:275 (1966), 15:281 (1966); and (j) to the denial of a motion for a new trial, sought solely on account of the issues previously alleged by the bills.
We find no error of law or abuse of discretion in any of the rulings complained of. The reasons are for the most part self-evident upon the above statement of the grounds for the bills taken. Insofar as the motions for a directed verdict and for a new trial are concerned, our statement of the factual evidence shows that there was evidence from which the trial jury might properly infer a specific intent on the part of the accused Mitchell to kill the victim Lerille.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.