304 So.2d 662 (1974)
STATE of Louisiana
v.
Ronald Ray WEATHERS.
No. 55158.
Supreme Court of Louisiana.
December 2, 1974.
*663 Harris D. Copenhaver, Jr., Airhart & Copenhaver, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Ronald Ray Weathers appeals from his conviction on a charge that he committed second degree murder. La.R.S. 14:30.1. He was found guilty by a jury and sentenced to the custody of the Department of Corrections for the rest of his natural life without benefit of parole until the expiration of twenty years.
Three bills of exceptions are relied upon for reversal of the conviction and sentence.

Bill 1
Defense council was retained to defend the accused sometime prior to January 14, 1974. He proceeded with the necessary research and investigation in preparation for the trial. On March 13, 1974 counsel filed a motion to withdraw from the cause, alleging that the accused no longer desired his services. Reference was made in the motion to a letter dated March 10, 1974 from the accused supporting these allegations. The letter, however, is not in the record, and the order granting the motion was never signed by the judge. A minute entry of March 14, 1974, does disclose, however, that "The Court appointed the Office of the Public Defender as co-counsel in this matter. The Public Defender to be sent notice of appointment and notice of trial date."
When the case was called for trial, defense counsel asserted that he was not prepared for trial, since he believed that his motion to withdraw as counsel had been approved. When the trial judge refused to recognize that he had been granted permission to withdraw as counsel, he moved orally for a continuance to have time to prepare for trial. The motion was denied and this bill was reserved.
Statements of counsel which are opposed to the record cannot be accepted as a basis for setting aside a conviction and sentence. The judge did not sign or otherwise approve the motion to withdraw. To the contrary, the minute entry at the time indicated that co-counsel from the Office of the Public Defender was appointed, presumably to assist and because at that time defendant was known to be indigent.
To permit counsel to withdraw his representation just four days prior to trial, as in this case, in the absence of compelling reasons to support that action, would seriously encumber and disrupt the administration of justice.
Moreover, an application for a continuance is required to be by written motion alleging specifically the grounds upon which it is based, and when made by a defendant, must be verified by his, or his counsel's, affidavit. La.Code Crim.Proc. art. 707. Granting a motion for a continuance, except in certain cases not pertinent here, is a matter addressed to the discretion of the court if there is good ground therefor. La.Code Crim.Proc. art. 712.
This bill is resolved by the fact that no written motion for the continuance appears of record. State v. Hubbard, 279 So.2d 177 (La.1973); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).

Bill 2
Objection was made to the testimony of two state witnesses in which they identified certain images on a photograph *664 in the possession of the prosecuting attorney. In argument the prosecutor asserted that he sought by their testimony to establish a foundation for introduction of the photograph. When the objection was overruled, this bill was reserved. When the proper predicate was laid, the photograph was introduced into evidence without objection by the defense. This bill has no merit.

Bill 4
This bill was reserved when the court ruled that the defense could not elicit testimony tending to establish prior threats or difficulties between the victim and the accused in the absence of a showing of a hostile demonstration or overt act shown on the part of the victim. The ruling is supported by Section 482 of Title 15 of the Revised Statutes providing that "In the absence of evidence of hostile demonstrations or [an] overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against the accused is not admissible."
Such a ruling is, quite correctly, based upon the facts and circumstances of each case. Often the credibility of the witness determines whether a hostile demonstration or overt act has been shown. Credibility on the question of admissibility of evidence is for the judge to decide. On the question of guilt or innocence credibility of the witness is judged by the jury. State v. Foreman, 256 La. 999, 240 So.2d 763 (1970). Only the self-serving declaration of the defendant in the instant case tends to support the claim that a hostile demonstration or overt act occurred. It was therefore largely within the discretion of the trial judge to determine whether the evidence of hostile demonstration had been shown by credible evidence, for such a showing was a predicate to a showing of dangerous character. The ruling should not be disturbed. This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
BARHAM, J., concurs in decree only. I particularly do not subscribe to the legal basis for treatment of Bill No. 4.
TATE, J., dissents and assigns written reasons.
TATE, Justice (dissenting).
I respectfully dissent. The trial judge was in error in depriving the jury of evidence of prior threats between the victim and the accused in support of his self-defense theory. See Bill No. 4.
La.R.S. 15:482 provides: "In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against the accused is not admissible." (As amended, Act 239 of 1952.)
In evidence is an interrogation of the accused whereby he stated that the victim had pulled a gun on him. The trial court disbelieved such testimony, accepting instead the evidence of the state witnesses of no such demonstration. The court therefore did not let the accused introduce evidence of the prior threats or difficulties. It is not denied that this would have been permissible had the trial judge believed the defendant's version.
To permit the trial court to deprive the jury of the evidence of prior difficulties between the parties, upon its own evaluation of the (un) truthfulness of the accused, is to confer upon the trial judge a power deliberately taken away from him by the legislature by the 1952 amendment of La. R.S. 15:482.
As originally enacted in 1928 and re-enacted as La.R.S. 15:482 (1950), this provision stated that evidence of the dangerous character of the accused was not admissible in the absence of "proof" of hostile demonstration or overt act by him. Based *665 upon this wording, the pre-amendment jurisprudence held that such "proof" must be to the satisfaction of the trial judge, subject to judicial review of the abuse of his discretion in such regard. State v. Terry, 221 La. 1109, 61 So.2d 888 (1952); State v. Sears, 220 La. 103, 55 So.2d 881 (1951); State v. Cox, 218 La. 277, 49 So.2d 12 (1950); State v. Tobias, 218 La. 226, 48 So.2d 905 (1950).
Whether wisely or not, the 1952 amendment (which provides the present text) overruled this prior jurisprudence legislatively so as to permit evidence of the dangerous character of the accused to go to the jury if "evidence" (as contrasted with "proof") of hostile demonstration or overt act was introduced. See 14 La.L.Rev. 226-27 (1953); 13 La.L.Rev. 64 (1952). The legislature thus apparently accepted the late Chief Justice O'Niell's repeated dissent that the trial judge's deciding the issue of whether the evidence of the overt act is credible invades the jury's function and may deprive it of evidence relevant to its determination of innocence or guilt. See 11 La.L.Rev. 231-32 (1951). See also Note, 2 La.L.Rev. 376 (1940).
State v. Foreman, 256 La. 999, 240 So.2d 736 (1970) was plainly in error in following the pre-1952 court decisions without noticing or even discussing the legislative repudiation of them.
The suggestion that evidence justifying the plea of self-defense may unilaterally be kept from the trial jury by the judge's determination is inconsistent, for instance, with our decision in State v. Montalbano, 257 La. 884, 244 So.2d 820 (1971). There, the trial court refused a special charge of self-defense upon its own determination that the defendant's evidence did not justify such a charge. We reversed, upon our finding that some evidence presented such a defense for the jury's consideration, whether or not the trial judge believed it or felt it to be sufficient.
In fairness, it should be noted that the majority opinion does not take into consideration the real reason for the trial court's ruling, for which there is some justification.[1] The accused's "evidence" of the victim's overt actthat the victim allegedly pulled a gun on the accusedwas contained in a taped statement, which the state permitted the defendant to introduce without objection. (The statement had been taped by an investigator for the district attorney's office.)
The trial judge considered this taped statement not to be evidence (being an unsworn self-serving out-of-court statement), but ruled he would permit evidence of prior hostilities to be introduced if some sworn testimony of the overt act was introduced.
Since the taped statement had been introduced without objection, it was (in my opinion) "evidence"but the peculiar facts understandably influenced the trial court's ruling. However, the trial court's ruling might be sustained if the requirement were interpreted to mean that appreciable evidence of an overt act is required before the prior hostility to support the self-defense theory may be introduced. See 13 La.L.Rev. 64 (1952).
I respectfully dissent.
NOTES
[1] I am forced to dissent, since the opinion repeats bad law, in my opinion, in derogation of a statutory enactment. However some (or at least one) of the concurring justices may have subscribed to the result for the trial court's reason.