LINDSAY, Judge.
The defendant, Marilyn McKoin, appeals her conviction for theft of property valued in excess $500 in violation of LSA-R.S. 14:67. We affirm defendant’s conviction.
FACTS
Between October, 1982 and July, 1984 more than $45,000 was stolen from the Village of Newellton, Louisiana. Approximately $50,000 billed to Newellton utility customers was not deposited into the utility fund account and the records were altered to reflect billing during this period to be $30,000 less than the actual total billing. The recording of the underbilling on the town records served to hide or disguise the shortage of deposits. The defendant was the town clerk during the entire period and, following examination of the records by a certified public accountant, she was arrested and charged with theft.
The evidence presented by the state consisted largely of expert testimony by two accountants who examined the financial records of the town’s utilities. Defendant’s brother, Larry Sikes, an accountant, apparently examined the records in question and was present in court to assist the defense in understanding the technical testimony of the accounting experts offered by the state. On the second day of trial, following testimony by the state’s certified public accountant, Ted Grace, the state subpoenaed Sikes as its witness and asked that he be placed under the rule of sequestration. The trial court complied and Sikes was released by the state to return to his home in Eunice, Louisiana, subject to recall should he be needed. The defense had not subpoenaed Sikes as a witness and objected to the sequestration order, arguing Sikes’ assistance was necessary to effectively cross examine the expert witnesses presented by the state. The court sequestered Sikes as requested by the state and, after his removal, the state called another expert in financial investigation and general accounting to testify.
The state never called Sikes to testify. Defendant was convicted of theft.
Although defendant originally filed fifteen assignments of error, only one has been briefed to this court. Therefore, the fourteen assignments of error not briefed or argued in brief are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976).
ASSIGNMENT OF ERROR
The only issue before this court is whether the trial court erred in sequestering the state’s witness over the objections of the defendant under the circumstances of this case.
LSA-C.Cr.P. Art. 764, governing sequestration of witnesses, provides:
Upon its own motion the court may, and upon request of the state or the defendant shall, order that the witnesses be excluded from the courtroom or from where they can see and hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of this statute authorizing the trial court to order witnesses excluded from the courtroom where they can see and here the proceedings is to prevent witnesses from being influenced by testimony of other witnesses and to strengthen the role of cross examination in developing the *217 facts. State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984) writ denied 456 So.2d 171 (La.1984); State v. Benitez, 881 So.2d 815 (La.1980); State v. Wilkerson, 448 So.2d 1355 (La.App. 2d Cir.1984), writ denied 450 So.2d 361 (La.1984).
The statute does give the trial court discretion to modify its sequestration order in the interest of justice. In the past, courts have excluded from the rule law enforcement officers, medical experts, victims, and family members of victims when needed in the courtroom to facilitate the proceedings. State v. Smith, 216 La. 1041, 45 So.2d 617 (1950); State v. Bolton, 408 So.2d 250 (La.1981); State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972); State v. Williams, 346 So.2d 181 (La.1977).
The defendant complains that the trial court erred in refusing to exercise its discretion regarding sequestration and should have allowed Sikes to remain in the courtroom. On the other hand, the state argues that if any error occurred, it was harmless, and the defendant has shown no prejudice.
LSA-C.Cr.P. Art. 921 provides:
A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”
The jurisprudence has interpreted this rule to warrant reversal only when there has been a miscarriage of justice, prejudice to substantial rights of the accused or a substantial violation of a constitutional or statutory right. State v. Michelli, 301 So.2d 577 (La.1974).
In the present case the defendant has not shown the trial court ruling was an abuse of discretion nor has she demonstrated prejudice to a substantial right caused by this ruling.[1] When the state requested the sequestration order, the state’s primary expert witness had concluded his testimony. The defendant had the assistance of Mr. Sikes during this testimony. There is no showing that the lack of Mr. Sike’s expert assistance during the remainder of the trial prejudiced the defendant in any way. Without such a showing, her conviction must be affirmed.
The action by the state in this case in causing Mr. Sikes to be sequestered was arguably aimed at depriving the defense of his expert assistance. Although under the particular facts of this case we find the defendant suffered no prejudice by the sequestration of the prospective witness, we note that such tactics by the state under different factual circumstances may constitute prejudice and may deny substantial rights to a fair trial to which a defendant is entitled.
Even though the defendant has questioned the state’s motives in subpoenaing and sequestering the defendant’s expert assistant, no showing has been made that the trial court abused its discretion in sequestering the witness, nor has the defendant demonstrated any prejudice resulting from this action. Therefore, defendant’s conviction is affirmed.
AFFIRMED.

. In State v. Mitchell, 290 So.2d 829 (La.1974) a trial court ruling refusing to exempt a defense witness from the rule of sequestration was held not to be an error of law or an abuse of discretion.